08-3195-ag
Hu v. Mukasey

BIA
Abrams, IJ
A099 534 847

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> > *Circuit Judges*.

———————————————————

YAN YAN HU,
> *Petitioner*,

> v.

ERIC H. HOLDER JR., ATTORNEY GENERAL,*
> *Respondent*.

08-3195-ag
NAC

———————————————————

FOR PETITIONER:          Henry Zhang, New York, New York.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General, William C. Peachey, Assistant Director, Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yan Yan Hu, a native and citizen of the People's Republic of China, seeks review of a June 10, 2008 order of the BIA, affirming the December 7, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Yan Hu*, No. A99 534 847 (B.I.A. June 10, 2008), *aff'g* No. A99 534 847 (Immig. Ct. N.Y. City Dec. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.*, minus the arguments for denying relief rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We

2

review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

In its decision, the BIA noted two discrepancies that the IJ did not rely upon in his adverse credibility determination: (1) while Hu testified that her boyfriend escorted her to and from the hospital, both her asylum application and her boyfriend's affidavit omitted this detail; and (2) Hu testified inconsistently as to whether family planning officials told her how far along she was in her pregnancy. Hu correctly contends that, in so doing, the BIA impermissibly engaged in fact-finding in violation of 8 C.F.R. § 1003.1(d)(3). *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296 (2d Cir. 2006) (citing 8 C.F.R. § 1003.1(d)(3)(i), (iv)). As a result, we will review only the IJ's credibility findings.

We find that substantial evidence supports the agency's adverse credibility determination. The agency properly

3

relied on Hu's inconsistent accounts of where she lived following her alleged forced abortion in 2008 —with her boyfriend, as she testified, or with her parents, as indicated on her asylum application. Hu offered no explanation for this discrepancy to either the IJ or in her brief to this Court. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In addition to this inconsistency, the agency also based its finding of adverse credibility on Hu's demeanor. The IJ specifically noted that Hu was evasive. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (per curiam) (giving "particular deference" to IJ's finding that petitioner testified "in a manner that suggested untruthfulness, rather than nervousness or difficulty comprehending the proceedings"); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (particular deference given to the trier of fact's assessment of demeanor).

Because substantial evidence supports the agency's adverse credibility determination, the agency's denial of Hu's application for asylum, withholding of removal, and relief under the CAT was not improper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (recognizing that a withholding of removal claim must fail if petitioner is

4

unable to show the objective likelihood of persecution needed to make out an asylum claim and the claims are based on the same factual predicate).

Finally, as the government notes, Hu has not challenged the agency's denial of CAT relief before this Court, and therefore has waived any such challenge. *See Yueqing Zhang*, 426 F.3d 540, 542 n.1, 546 n.7 (2d Cir. 2005); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that an issue is abandoned when not raised in an appellate brief).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

5